Strafford, }
Dec., 1897. }

### STATE *v.* JACQUES.

One who keeps a restaurant open on the Lord's day for the sale of food,
to be eaten on the premises, may be convicted of keeping a shop open on
Sunday for the reception of company.

COMPLAINT, for keeping a shop open on Sunday for the recep-
tion of company.   The defendant testified that he kept his place
open on Sunday afternoon, and a few people were in there;
that he sold sandwiches, pies, ice cream, and frankforts, which
were eaten in the shop.   There were probably a hundred people
in the shop that day.

The defendant requested the court to charge the jury that all
his sales were of the necessaries of life.   The court declined to
give the instructions, and, subject to exception, charged the jury
that the buying the food and eating it on the premises was a
violation of the law and would authorize the jury to find a
verdict against the defendant.   The jury returned a verdict of
guilty.

*William F. Nason*, solicitor, for the state.

*William S. Pierce,* for the defendant.

WALLACE, J.   "No person shall keep his shop, warehouse, cel-
lar, restaurant, or workshop open for the reception of company,
or shall sell or expose for sale any merchandise whatsoever on the
Lord's day; but this section shall not be construed to prevent
the entertainment of boarders, nor the sale of milk, bread, and
other necessaries of life, nor drugs and medicines."   P. S., *c.* 271,
*s.* 5.   One of the offences created by this statute is the keeping
open a shop, restaurant, or other similar place for the reception
of company on Sunday.   When the defendant kept open his
shop on Sunday for the reception of the people who came there,
and entertained them with food and ice cream which he sold
them to be eaten on the premises, he committed the offence

charged, unless what he did came within the exception in the statute allowing the sale of the necessaries of life. One effect of the exception is to restrict the statute so that it will not apply to "the sale of milk, bread, and other necessaries of life." It does not, however, permit the keeping open on Sunday of shops, restaurants, and other places named, for the reception of company. The opening of a shop on Sunday, and the sale of food and ice cream to be eaten upon the premises, or furnishing similar entertainment, is a keeping open of the place for the reception of company within the meaning of the statute, to which the excepting clause does not apply. To give the exception any greater effect would be to emasculate the statute and prevent it from accomplishing the object intended, which is to prevent shops, restaurants, and other similar places from being open for the reception of company and the transaction of their regular business on Sunday. There was no error in refusing to charge the jury as requested, or in the instructions given, which, construed in view of the facts, were in effect that the selling of food to be eaten on the premises was a violation of law.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.